U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

DEC 2 1 2006

ROBERT H. SHEMWELL, CLERK
BY Hcb
DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA
Lafayette Division

| | | |
|---|---|---|
| LEJO "LEE" BAHAM | * | 6:06-CV-2372 LO |
| VERSUS | * | JUDGE DOHERTY |
| | * | MAGISTRATE JUDGE HILL |
| NABORS DRILLING USA, L.P. and ENERGY PARTNERS OF DELAWARE, LTD. | * | |

* * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes LEJO "LEE" BAHAM, an individual of the full age and majority, and a resident of the State of Louisiana, who respectfully files this Complaint for Damages as follows:

I.

Made defendants herein are:

NABORS DRILLING USA, L.P., hereinafter sometimes referred to as "Nabors Drilling", a foreign corporation, authorized to do and doing business within this state and district, with its principal business establishment in Louisiana, located in the Parish of Lafayette; and

ENERGY PARTNERS OF DELAWARE, LTD., hereinafter sometimes referred to as "Energy

Partners", a foreign corporation, authorized to do and doing business in this state and district, with its principal business establishment in Louisiana located in the Parish of Orleans.

II.

Plaintiff designates this claim as an admiralty or maritime claim for the purposes of Rule 38(E) and Rule 82 of the Federal Rules of Civil Procedure.

III.

Jurisdiction of this Court is proper pursuant to 28 U.S.C. Section 1333(1), being within the Court's admiralty and maritime jurisdiction, and pursuant to 28 U.S.C. 1331, an action arising under the laws of the United States, 33 U.S.C. Section 1333(B), made applicable by the Outer-Continental Shelf Lands Act, 43 U.S.C. Section 1333 (A)(1).

IV.

At all times pertinent, the *Dolphin 109,* a vessel operating in navigable waters of the United States on the Outer Continental Shelf, was owned by defendant, Nabors Drilling USA, L.P.

V.

At all times pertinent, Energy Partners was the charterer and owner *pro hac vice* of the *Dolphin 109*, and operator of the offshore oil and gas leases on which Nabors Drilling was performing drilling and/or reworking operations with the Dolphin 109, under Energy Partner's direction and control.

VI.

At all material times, Energy Partners controlled the day to day drilling and reworking

operations of Nabors Drilling, and actively monitored and controlled the safety program of Nabors Drilling for the benefit of all those onboard the *Dolphin 109*, and as such is vicariously liable for the negligence of Nabors Drilling.

VII.

Additionally, at all times material, Energy Partners undertook the duty and responsibility of safety of all those onboard the *Dolphin 109*, including, without limitation, the duty and responsibility to ensure safe working practices, provide safe working policies, procedures, and regulations, to perform safety audits of the *Dolphin 109*, and to provide a safe place to work for all those performing work on board the *Dolphin 109*, and, as such, is independently liable, separate and apart from Nabors for its own negligent discharge of those duties and responsibilities.

VIII.

On the September 14, 2006, Complainant, Lee Baham, an employee of Seatrax, Inc. was sent to inspect and, if necessary, perform repair services to a pedestal crane onboard the *Dolphin 109*.

IX.

Complainant, Lee Baham, in order to inspect for possible repairs of the pedestal crane onboard the *Dolphin 109*, was directed by Defendants to a platform surrounding the pedestal crane, which was an area that remained under the active control of Nabors Drilling and Energy Partners and which was elevated approximately fourteen feet above the deck, without any representative or employee of Defendants accompanying him, and without any advice, warning, or notice of a known safety hazard in the elevated platform.

X.

While performing the inspection of the pedestal crane, Complainant, Lee Baham, fell through the opening in the grating of the elevated platform surrounding the crane, which was left uncovered by employees and supervisors of Defendants without any warning or notice to Complainant, and had no safety guardrails, safety chains, or other fall restraining device of any sort, which opening was in the principal working and walking area of the platform, an area which remained under the active control of Defendants, and was neither obvious nor readily noticeable under the circumstances.

XI.

Defendants, Nabors Drillings USA, L.P., and Energy Partners of Delaware, LTD., failed to provide complainant with a safe place to work, failed to warn of the danger of this uncovered opening in this area that remained under Defendants' active control, and which had no guardrails, safety chains, or other fall restraining devices of any sort around it, notwithstanding actual knowledge of the danger and likelihood of injury, and actual knowledge that in the performance of his work that Complainant was not in a position to realize and remedy the hazard.

XII.

Notwithstanding actual knowledge of the hazard and likelihood of injury, the identical accident having occurred only a short time earlier, Defendants, Nabors Drilling and Energy Partners, failed to exercise reasonable care to prevent injury to Complainant, Lee Baham, failed to warn of the known hazard in that area, and failed to guard in any manner against one stepping into this uncovered opening, and failed to ensure the opening was closed or guarded once Complainant had ascended onto

the platform.

XIII.

Defendant, Nabors Drilling, was negligent in its failure to discharge its duty to ensure that petitioner was provided a safe place to work, in failing to remedy this known danger and hazard, in failing to warn of the hazard and danger in this area of which it had actual knowledge and was well aware and which remained under its active control, and in failing to ensure that such a hazard and danger was protected against.

XIV.

Defendant, Energy Partners, was negligent in the discharge of its duty to act as a reasonably prudent operator and *owner pro hac vice* of the *Dolphin 109*, and in the discharge of its duty and responsibility to ensure safe working practices on board the *Dolphin 109*, to provide safe working policies, procedures, and regulations, to properly perform safety audits of the *Dolphin 109* and correct safety deficiencies revealed by such audits, and to provide a safe place to work for all those performing work on board the *Dolphin 109*, including Complainant.

XV.

As a result of the fault and negligence of Defendants, plaintiff fell some fourteen feet to the deck below, suffering severe injuries and disabilities to his ankle, knees, legs and back, entitling him to damages for past and future mental and physical pain and suffering, past and future permanent disability, past and future loss of wages, a diminishment of future earning capacity, medical expenses, and other such damages as may be shown at trial of this matter.

**WHEREFORE**, your Complainant, LEJO "LEE" BAHAM, prays that defendants, Nabors

Drillings USA, L.P., and Energy Partners of Delaware, LTD., be duly cited and served with a copy of this complaint and after due proceeding had there be Judgment in his favor, in a full, fair, and reasonable amount under the circumstances, as shown at trial, together with interest from the date of injury and the costs of these proceeding.

Complainant further prays for all just and equitable relief to which he is otherwise entitled.

Respectfully submitted,

BY: ______________________________

COLVIN WEAVER & CERNIGLIA, L.L.C.
Timothy W. Cerniglia, T.A. ( Bar No.: 03469)
400 Poydras Street, Suite1790
New Orleans, Louisiana 70130
Telephone No.: (504) 586-1555
Facsimile No.: (504) 586-9755
E-mail: tcerniglia@colvinweaver.com

HYMEL DAVIS & PETERSEN, L.L.C.
Michael Reese Davis (Bar No.: 17529)
L.J. Hymel (Bar No. )
15171 So. Harrell's Ferry Road, Suite C
Baton Rouge, Louisiana 70816
Telephone No.: (225) 755-1060
Facsimile No.: (225) 755-1065
E-mail: mdavis@hymeldavis.com

Attorneys for Complainant